IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANNIE SANCHEZ and
MONIQUE MORALES,

        Plaintiffs,

v.                                                          No. CV 13-00246 RB/RHS

RETTA WARD,
Secretary of the New Mexico
Department of Health,

SIDONIE SQUIER
Secretary of the New Mexico
Human Services Department,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 3, 2013, Defendants Retta Ward and Sidonie Squier asked the Court to dismiss Plaintiffs Nannie Sanchez and Monique Morales' claims. (Doc. 8). The two Defendants in this case are the Cabinet Secretaries of the New Mexico Departments of Health and Human Services respectively. The Plaintiffs, two beneficiaries of New Mexico's Developmental Disability (DD) Waiver program, brought suit against these Cabinet Secretaries, claiming that the process for determining eligibility for certain Medicaid benefits violates their due process rights as well as the Medicaid Act. (Doc. 1).

Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of the parties, the relevant law, and being otherwise fully advised, the Court **GRANTS** Defendants' motion.

**I.      Background**

This civil action arises out of a dispute over the State of New Mexico's administration of the Developmental Disabilities (DD) Waiver program. On February 14, 2013, two disabled beneficiaries of the program, Nannie Sanchez and Monique Morales, filed a complaint entitled "COMPLAINT FOR [sic] TO ENFORCE THE NEW MEXICO HUMAN RIGHTS ACT and APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION." (Docs. 1-2). The complaint primarily asks the Court to issue an injunction requiring the State of New Mexico to make changes in the way it assesses the medical needs of the DD Waiver program beneficiaries. On March 14th, Defendants removed the matter to this Court. (*See* Doc. 1).

The Developmental Disabilities Support Division (DDSD) of the New Mexico Department of Health administers the DD Waiver program under the supervision of the New Mexico Department of Human Services. (Doc. 1-B at ¶ 2). Funding for the program comes from the federal government. Eligibility for the DD Waiver program is determined using an assessment called the Support Intensity Scale (SIS). The results of the SIS interview are or will be used to determine service levels and service provider compensation levels.[1] (Doc. 1-B at ¶ 2-3).

Plaintiffs claim the SIS interview process is flawed in several ways. First, in some instances the SIS interview is done without contacting the DD waiver beneficiary's case manager or members of the team treating the beneficiary. Second, in some instances the scheduling of the SIS interview is done without contacting the DD Waiver beneficiary. And, third, there is no administrative appeal of the SIS interview. According to the complaint, these defects result in

---

[1] Plaintiffs concede this case was brought before the implementation of the Service Standards for the DD Waiver program. Thus, it is possible that the SIS assessment results have not been used to determine service levels, and that all claimed defects of the program are speculative. Since the Court grants the motion to dismiss on the grounds of standing, and a ripeness challenge is not made in the motion to dismiss, the Court does not decide whether this case is ripe for consideration. (*See* Doc. 9, at 4).

the denial of needed services to program beneficiaries, which constitutes a breach of the Medicaid Law and a denial of the beneficiaries' due process rights.  On these grounds, Plaintiffs sought injunctive relief.  (Doc. 1-B at ¶ 4-8).

On April 3, 2013, Defendants moved to dismiss Plaintiffs' Complaint on two grounds.  First, Defendants claim Plaintiffs failed to assert the facts necessary to demonstrate that Plaintiffs have been or will be harmed by Defendants' actions, and thus are entitled to dismissal under Rule 12(b)(6).  Second, Defendants claim they are entitled to relief under Rule 12(b)(1), because Plaintiffs lack standing to bring their claim and thus this Court lacks subject matter jurisdiction. (*See* Doc. 8 at 1).

Generally, before the Court can address the merits of the Plaintiffs' claims, it must first decide the jurisdictional question.  "This requirement assures that 'there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party[.]'" *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (quoting *Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 221 (1974)).   Since the Court finds it lacks subject matter jurisdiction to hear this case, the Court does not address Defendants' Rule 12(b)(6) claim.

**II.     Legal Standard**

The Motion to Dismiss constitutes a challenge to the Court's jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Specifically, the moving Defendants challenge Plaintiffs' standing, arguing that no case or controversy has been alleged as required by Article III of the United States Constitution.  As the party pleading jurisdiction, Plaintiffs bear the burden of alleging "facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A Rule 12(b)(1) motion, which challenges the court's subject matter jurisdiction over a case, can take one of two forms. First, a moving party may lodge a facial attack against the complaint's allegations as to the existence of subject matter jurisdiction. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). In reviewing a facial attack, the Court must accept the well-pled factual allegations in the complaint as true. *Id.* at 1205-06. Second, a party may go beyond the allegations contained in the complaint and challenge "the facts upon which subject matter jurisdiction depends." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted). In reviewing a factual attack, the Court must look beyond the complaint and has wide discretion to consider evidence in the form of documents, affidavits, and even testimony. *Id.* (citations omitted).

As the motion did not clarify which type of attack is intended, the Court assumes the Defendants intended a facial attack. The Defendants' brief only challenges the sufficiency of the complaint, not the underlying factual basis for standing. Further, Plaintiffs included no affidavits or documentation for the Court to consider. In determining facial attacks on jurisdiction, the Court limits its review to the sufficiency of the complaint, and it takes the allegations in the complaint as true. *See United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001).

**III.   Analysis**

As courts of limited jurisdiction, federal courts may only adjudicate those cases that the United States Constitution and Congress have granted them authority to hear. *See* U.S. Const. Art. III; *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1210-11 (10th Cir. 1998) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). These elements of constitutional standing are not mere pleading requirements, but an indispensable part of Plaintiffs' case. *Utah v. Babbitt,* 137 F.3d 1193, 1204 (10th Cir. 1998) (citing *Lujan*, 504 U.S. at 561).

In addition to these constitutional limitations, the Supreme Court has also identified three prudential standing principles. *Sac and Fox Nation of Missouri v. Pierce*, 213 F.3d 566, 573 (10th Cir. 2000). First, a plaintiff generally must assert her own rights rather than those belonging to third parties. *Id.* Second, a generalized grievance shared by a large class of citizens normally does not warrant a federal court's exercise of jurisdiction. *Id.* Third, the interests that a plaintiff seeks to protect must arguably be within the zone of interests to be protected by the statute or constitutional guarantee in question. *Id.*

In responding to a motion to dismiss, "[a]ll that needs to be shown is a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and prudential considerations defining and limiting the role of the court." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citing *United States v. 116 Emerson Street,* 942 F.2d 74, 78 (1st Cir. 1991)). Plaintiffs fail to meet even this forgiving standard. Simply being a beneficiary of the DD Waiver Program is not enough to establish standing; Plaintiffs must demonstrate an injury in fact.

The nine paragraph complaint makes no reference to an injury suffered by the Plaintiffs – let alone an injury suffered at the hands of the Defendant. Instead, the Complaint makes

generalized references to an unnamed class of beneficiaries, who received what Plaintiffs believed to be inadequate process in "some, not all instances." (Doc. 1-B at ¶ 4-9). The Complaint does not indicate whether these unnamed beneficiaries have already been injured by the SIS assessment or whether the injury is prospective. (Doc. 1-B at ¶ 9). Simply stated, there is no indication whatsoever that Plaintiffs are asserting their own rights.

The generalized references in the complaint do not contain within them the specific facts necessary to meet the standing requirements. Thus, because the Plaintiffs' complaint contains no general factual allegations of injury resulting from Defendants' conduct, this Court determines that Plaintiffs lack standing and the Court is without jurisdiction to hear this matter. *See Lujan*, 504 U.S. at 561.

**THEREFORE,**

IT IS ORDERED that Defendants' Motion to Dismiss, (Doc. 8), is GRANTED, and this matter is dismissed, without prejudice, for lack of standing.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**